UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF FLORIDA


RICARDO TORRES and
DOMINGO DIAZ, on their own behalf
and on behalf of all employees similarly
situated
        Plaintiffs

v.

FORNOS CORP., a
Florida Corporation, and
MARCELINO FRANCOS , an Individual
        Defendants
_____/

## COMPLAINT

1. Plaintiffs, **RICARDO TORRES and DOMINGO DIAZ** (" Torres" and Diaz" , respectively, and "Plaintiffs" collectively), are former employee of Defendants **FORNOS CORP.** and **MARCELINO FRANCOS** (hereinafter referred to as "Fornos" and "Francos" respectively, and "Defendants" collectively) and bring this action for compensation and other relief under the Fair Labor Standards Act (the "Act" or "FLSA"), as amended, 29 U.S.C.§ 216(b) on their own behalf and on behalf of all employees similarly situated, and a pendent action under Florida law for violations of Florida's Minimum Wage law.

2. Plaintiffs live in Miami-Dade County, Florida, within the jurisdiction of this Honorable Court. **Fornos** is a Florida corporation with an office and place of business in Miami, Florida , where it is engaged in the food service business, and within the jurisdiction of this court.

1

3. **Francos** is an individual resident of the State of Florida who is an officer of **Fornos**, and manages and operates **Fornos**, and who has and regularly exercises the authority to hire and fire employees, determine the work schedules of employees, set the rate of pay of employees and control the finances and operations of **Fornos**, and who is either individually, or jointly, responsible for the overtime and/or minimum wage violations complained of herein. By virtue of such control and authority, **Francos** is an employer as such term is defined by the Act 29 U.S.C. 201 et. Seq.

4. This action is brought to recover from Defendants unpaid minimum wage and overtime compensation, liquidated damages, and costs and reasonable attorney's fees under the provision of 29 U.S.C. § 201 et seq., and specifically under the provisions of 29 U.S.C. § 216(b), and Florida Minimum Wage Statute Fla. Stat. 448.110.

5. Jurisdiction is conferred on this Court by 28 U.S.C. § 1337 and by 29 U.S.C. § 216(b). Defendants are, and at all times pertinent to this Complaint were engaged in interstate commerce. At all times pertinent to this Complaint Defendants regularly owned and operated a business and utilized goods, products, and/or materials that moved in interstate commerce. Based upon information and belief the annual gross sale was in excess of $500.000.000 per annum.

6. By reason of the foregoing, Defendants were during all times hereafter mentioned an enterprise engaged in commerce or in the production of goods for

commerce as defined in §§ 3(r) and 3(s) of the Act, 29 U.S.C. §203(r) and 203(s).

7. At all times pertinent to this Complaint Defendants failed to comply with 29 U.S.C. §§ 201-219, and DOL Regulation 29 C.F.R. §§516.2 and 516.4, in that Plaintiffs performed services for Defendants for which no provision was made by the Defendants to properly pay Plaintiffs for those hours.

8. Around June 2009, **Torres** was hired by Defendants to work at its business as a waiter . On or about November 2010, **Torres** terminated his employment. By reason of such employment with Defendants, **Torres** was employed by an enterprise engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. §§ 206(a) and 207(a).  Further, **Torres** himself was engaged in commerce. The work performed by **Torres** was directly essential to the business of Defendants in interstate commerce, which was directly essential to the business performed by Defendants.

9. **Torres** employment with Defendants provided for compensation of $22.00/day plus tips  paid on a weekly basis, in cash only.

10. Around June 2009 , **Diaz** was hired by Defendants to work at its business as a waiter. On or about March 21, 2010 , **Diaz** terminated his employment. By reason of such employment with Defendants, **Diaz** was employed by an enterprise engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. §§ 206(a) and 207(a).  Further, **Diaz** himself was engaged in commerce. The work performed by **Diaz** was

directly essential to the business of Defendants in interstate commerce, which was directly essential to the business performed by Defendants.

11.  **Diaz's** employment with Defendants provided for compensation of $22.00/day plus tips paid on a weekly basis, in cash only.

12.  In the course of employment with Defendants, Plaintiffs worked the number of hours required of them but were not paid the required minimum wage and paid time and one-half for all the hours worked in excess of forty (40) per work week during one or more work weeks.

13.  The records concerning the number of hours actually worked by Plaintiffs are in the possession, custody and control of Defendants.

### COUNT I: VIOLATIONS OF THE THE FLSA

14.  Plaintiffs readopt and re-alleges all allegations contained in Paragraphs 1 through 13 above.

15. Plaintiffs are entitled to be paid minimum wage for each hour and be paid time and one half of their regular rate of pay for each hour worked in excess of forty (40) per work week for each week during the relevant period where they were not paid said time and one half.

16.  By reason of the said intentional, willful and unlawful acts of Defendants, Plaintiffs have suffered damages plus incurring costs and reasonable attorney's fees.

17. As a result of Defendants willful violation of the FLSA , Plaintiffs are entitled to liquidated damages in an equal amount to that owed for the minimum wage and overtime violations.

## COUNT II: VIOLATIONS OF FLORIDA LAW

18. Plaintiffs readopt and re-alleges all allegations contained in Paragraphs 1 through 13 above.

19. Plaintiffs are entitled to be paid minimum wage provided by Florida law for each hour worked.

20. Plaintiff has demanded in writing that Defendants pay said minimum wage and provided the requisite 15 days for Defendants to do so before the filing of this action , but Defendants have failed to do so.

21. As a result Plaintiffs are entitled to liquidated damages in an equal amount to that owed for the minimum wage violations and to attorney fees and costs under Florida law.

**WHEREFORE**, for work weeks beginning three years before the filing of this Complaint, Plaintiffs demand judgment against Defendants, jointly and/or severally, for the minimum wage and overtime payments, due to them during the relevant period for the hours worked by them for which they were not properly compensated, liquidated damages and attorney's fees and cost of suit, and for all proper relief including prejudgment interest. Plaintiffs further request that the Court award such other remedies as it deems just and proper.

**DATED THIS** February 8, 2011

Respectfully submitted,

s/ Andres Rivera-Ortiz

_____
**ANDRES RIVERA-ORTIZ (FBN: 373478)
LAW OFFICES OF
ANDRES RIVERA-ORTIZ, P.A.
Attorneys for Plaintiff
330 SW 27th Avenue, Suite 608
Miami, FL 33135
Tel. 305-643-2255
Fax 305-643-2256
Attorney for Plaintiffs**